OPINION
{¶ 1} Defendant-appellant Brandon Bowman appeals his sentence from the Delaware County Court of Common Pleas on two counts of theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 11, 2003, the Delaware County Grand Jury indicted appellant on one count of attempted burglary in violation of R.C. 2923.02(A), and 2911.12, two counts of burglary in violation of R.C. 2911.12(A)(3) and two counts of theft in violation of R.C. 2913.02(A)(1). While one of the counts of theft was a felony of the fourth degree, the other was a felony of the fifth degree. At his arraignment on March 5, 2004, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, a jury trial commenced on October 5, 2004. As memorialized in a Judgment Entry filed on October 8, 2004, appellant was found guilty of one count of theft (the value of the property involved being more than $500.00 and less than $5,000.00), a felony of the fifth degree, and one count of theft (the value of the property being less than $500.00), a misdemeanor of the first degree. Appellant was found not guilty of the remaining counts. Pursuant to a Judgment Entry filed on March 4, 2005, appellant was sentenced to twelve months in prison, the maximum sentence for theft when it is a felony of the fifth degree. The trial court, in its entry, ordered appellant's sentence to be served consecutive to a sentence that appellant was serving on a case from Lorain County.
 {¶ 4} Appellant now raises the following assignments of error on appeal:
 {¶ 5} "I. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BECAUSE THE FINDINGS SUPPORTING APPELLANT'S EXCEPTIONAL SENTENCE, THAT IS, CONSECUTIVE, MAXIMUM PRISON SENTENCE, WERE MADE BY THE COURT AND WERE NEITHER ADMITTED BY THE APPELLANT NOR FOUND BY A JURY; THEREFORE, THE SENTENCE VIOLATED HIS RIGHT TO TRIAL BY JURY AS GUARANTEED UNDER THE SIXTH AMENDMENT AND ARTICLE I SECTION 10
OF THE OHIO CONSTITUTION.
 {¶ 6} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING CONSECUTIVE PRISON SENTENCES UPON THE DEFENDANT-APPELLANT INSTEAD OF SENTENCING HIM TO COMMUNITY CONTROL SANCTIONS FOR A FELONY OF THE FIFTH A [SIC] DEGREE AND THEREBY DENIED APPELLANT EQUAL PROTECTION UNDER THE LAW."
 I, II {¶ 7} Appellant, in his two assignments of error, argues that the trial court erred in sentencing him to a consecutive, maximum prison sentence based on findings that were neither admitted by appellant nor found by a jury. Appellant contends that the trial court's imposition of a maximum, consecutive sentence violated appellant's Sixth Amendment right to trial by jury, as defined inApprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435) and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. We agree.
 {¶ 8} In Blakely, supra. the United States Supreme Court held that if a defendant's sentence is increased beyond the maximum term authorized by a jury verdict or admission of the defendant, the facts to support that increase must either be heard by a jury under a beyond a reasonable doubt standard, or admitted by the defendant. See also Apprendi v. New Jersey
(2000), 530 U.S. 466, 490, 120 S. Ct. 2348.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, which was decided on February 27, 2006, the Ohio Supreme Court recently held that R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences, violatesBlakely, supra. The court noted that R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) require a trial court imposing consecutive sentences to make statutorily enumerated findings and give reasons supporting such findings. With respect to R.C.2929.14(E), the Ohio Supreme Court held, in a relevant part, as follows: "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C.2929.14(E)(4) violates principles announced in Blakely." Id. at paragraph 67. On such basis, the court found R.C. 2929.14(E)(4) unconstitutional.
 {¶ 10} Furthermore, in Foster, the Ohio Supreme Court held that R.C. 2929.14(C), which governs maximum prison terms, does not comply with Blakely and is therefore, also unconstitutional. Revised Code 2929.14(C) states that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In holding such section unconstitutional, the Ohio Supreme Court, in Foster, held as follows: "We have consistently held that R.C. 2929.14(C) requires that specific findings be made before a maximum sentence is authorized. . . . As it stands, R.C. 2929.14(C) creates a presumption to be overcome only by judicial fact finding. It does not comply with Blakely." Id. at paragraph 64 (Citations omitted).
 {¶ 11} In Foster, the Ohio Supreme Court held that its decision was to be applied to all cases pending on direct review or not yet final. We further note that the Ohio Supreme Court, inFoster, held that the unconstitutional provisions could be severed and that, after severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id at paragraph seven of the syllabus.
 {¶ 12} In light of the Ohio Supreme Court's recent decision in Foster, this Court must vacate appellant's sentence and remand for resentencing. We note that the parties in this case have jointly requested that this matter be remanded for resentencing in light of Foster, supra.
 {¶ 13} Appellant's two assignments of error are, therefore, sustained.
 {¶ 14} Accordingly, appellant's sentence is vacated. The cause is remanded for resentencing.
Edwards, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is vacated and this matter is remanded for re-sentencing. Costs assessed to appellee.